# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

           Respondent,

    v.

ROBERT LEE FREEMAN,

           Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 68633-0-I

UNPUBLISHED OPINION

FILED:  December 23, 2013

2013 DEC 23  AM 8: 50

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

PER CURIAM — In 2003, a jury found Robert Freeman guilty of multiple counts of child rape and child molestation.  This court affirmed his conviction on appeal, State v. Freeman, noted at 125 Wn. App. 1018, review denied, 155 Wn.2d 1019 (2005), and the mandate issued on January 27, 2006.

On December 16, 2011, Freeman filed a CrR 7.8 motion for a new trial in King County Superior Court.  The State moved to transfer the matter to the Court of Appeals for consideration as a personal restraint petition, arguing that Freeman's motion was time-barred.  CrR 7.8(c)(2).  Following a hearing on February 15, 2012, the trial court denied the State's motion to transfer, concluding that "the timeliness issues [have] to be addressed by an appellate court."  The trial court also denied

Freeman's motion for relief, and Freeman now appeals. We vacate the trial court's denial of Freeman's motion, convert his appeal to a personal restraint petition, and dismiss the petition as untimely. Freeman's request for oral argument is denied.

CrR 7.8(c)(2) provides that the trial court "shall" transfer a CrR 7.8 motion to the Court of Appeals for consideration as a personal restraint petition

> unless the court determines that the motion is not barred by RCW 10.73.090 and either (1) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

(Emphasis added.) Consequently, CrR 7.8 does not authorize the trial court to rule on the merits of the defendant's motion unless it also determines that the motion is "not barred by RCW 10.73.090." The trial court erred by declining to make this determination and referring the timeliness issue to the appellate courts for resolution.

Generally, RCW 10.73.090(1) bars the filing of a collateral attack on a judgment and sentence more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction. Freeman's judgment and sentence became final on January 27, 2006, when the mandate issued after his direct appeal. RCW 10.73.090(3)(b). Freeman's 2011 motion for a new trial was therefore a collateral attack subject to the one-year time bar. See RCW 10.73.090(2); CrR 7.8(b), (c)(2).

In his CrR 7.8 motion, Freeman claimed that the trial court violated his right to a public trial on two occasions when several spectators were asked to temporarily

leave the courtroom. But Freeman has not alleged that these deficiencies divested the trial court of authority to enter the judgment and sentence or otherwise demonstrated the requirements for a facially invalid judgment under RCW 10.73.090(1). See In re Pers. Restraint of Coats, 173 Wn.2d 123, 135, 267 P.2d 324 (2011) (errors rendering judgment invalid occur "when court has in fact exceeded its statutory authority in entering the judgment or sentence"). Nor has Freeman alleged or demonstrated that his claims fall within any of the six exceptions to the time bar set forth in RCW 10.73.100.

Because Freeman's CrR 7.8 motion was untimely, the State asks this court to convert the appeal to a personal restraint petition and dismiss the petition as time-barred. Freeman claims that the State waived any challenge to the timeliness of the CrR 7.8 motion because it failed to file a cross appeal.

But the trial court expressly ruled that the timeliness of Freeman's motion was an issue for the appellate courts and declined to address it. Freeman's appeal of the trial court's order necessarily presents the timeliness issue for our review without the need for a cross appeal. Moreover, when reviewing the trial court's decision, this court has broad discretion to take any action "as the merits of the case and the interest of justice may require." RAP 12.3; see also RAP 1.2(a) (Rules of Appellate Procedure will be liberally interpreted "to facilitate the decision of cases on the merits").

In summary, Freeman's motion was clearly untimely under RCW 10.73.090. The trial court therefore erred in denying the State's motion to transfer. CrR 7.8(c)(2). Because no purpose would be served by remanding the matter to the trial court, we vacate the court's denial of Freeman's motion, convert his appeal to a personal restraint petition, and dismiss the petition as untimely.

The petition is dismissed.

FOR THE COURT:

Cox, J.

-4-